IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMIE HINES, as administrator of the Estate of Jevonte Romeo Lyons and as surviving parent and heir to the Estate of Jevonte Romeo Lyons, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV 123-166 ) |
| OFC. WILLIAM JENKINS, et al., | ) ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Defendants move to stay discovery pending resolution of their motion for summary judgment. Because Plaintiff did not file a response, the motion is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **GRANTS** the request for a stay. (Doc. no. 35.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary look at Defendants' motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion seeks judgment in Defendants' favor on all claims. (See doc. no. 27.) Moreover, since Defendants filed the instant motion to stay discovery, Plaintiff has filed a motion to voluntarily dismiss the entire case. (Doc. no. 45.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of Defendants' motion for summary judgment and Plaintiff's motion to voluntarily dismiss the case. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendants' motion for summary judgment and Plaintiff's motion to voluntarily dismiss the case. Should any portion of the case remain after resolution of these motions, (doc. nos. 27, 45), the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies

continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 18th day of June, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA