IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
JAMIE HINES, as administrator      *
of the Estate of Jevonte Romeo     *
Lyons and as surviving parent      *
and heir to the Estate of          *
Jevonte Romeo Lyons,               *
                                   *
         Plaintiff,                *      CV 123-166
                                   *
    v.                             *
                                   *
OFC. WILLIAM JENKINS, et al.,      *
                                   *
         Defendants.               *
                                   *
```

O R D E R

Before the Court is Plaintiff's motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a)(2). (Doc. 45.) For the reasons discussed below, the Court **GRANTS** Plaintiff's motion, subject to the conditions set forth herein.

Federal Rule of Civil Procedure 41(a)(1)(A) provides that a "plaintiff may dismiss an action without a court order by filing[] (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). Where a defendant has already served an answer or otherwise filed a dispositive motion, "an action may be

dismissed at the plaintiff's request only by court order, *on terms that the court considers proper.*" FED. R. CIV. P. 41(a)(2) (emphasis added). "A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." <u>Arias v. Cameron</u>, 776 F.3d 1262, 1268 (11th Cir. 2015) (citation omitted).

"In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam) (emphasis in original) (citation omitted). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." <u>Id.</u> at 1255-56 (citation omitted). Importantly, "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." <u>Id.</u> at 1258 (citation omitted).

In exercising its broad discretion under Rule 41(a)(2), the district court should "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." <u>Arias</u>, 776 F.3d at 1269 (citation omitted). For example, to address financial prejudice suffered by the defendant, the district court may condition dismissal on the repayment of the

2

defendant's costs should the plaintiff refile. See Pontenberg, 252 F.3d at 1260. "Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 860 (11th Cir. 1986) (citations omitted).

Defendant's consent to Plaintiff's motion to voluntarily dismiss only upon the condition that if Plaintiff chooses to refile her claims against them, Plaintiff pay all costs and attorney's fees associated with this action.[1] (Doc. 47, at 1.) Defendants contend these conditions are just because Plaintiff failed to watch critical video evidence that had been in Plaintiff's counsel's possession for almost two years – evidence that Defendant's contend would have exposed Plaintiff's claims as meritless. (Id. at 6-7.) While Plaintiff did not respond to the proposed conditions, she acknowledges in her motion for voluntary dismissal that conditions such as repayment of costs upon refiling are within the district court's discretion. (Doc. 45, at 4.)

The Court finds that Plaintiff is entitled to voluntary dismissal, as Defendants have not put forth any evidence of bad faith on Plaintiff's part, nor shown they would lose any "substantial right" by a dismissal without prejudice. See Pontenberg, 252 F.3d at 1255-58. Nonetheless, the Court finds

---

[1] Defendants are willing to withdraw their motion for sanctions (Doc. 42) if this condition is imposed. (Doc. 47, at 11.)

3

Plaintiff possessed the relevant video evidence since about September 9, 2022 (Doc. 47-1), yet waited until June 12, 2024 to file a motion for voluntary dismissal based primarily on the contents of these videos (Doc. 45).[2]  The Court acknowledges the "practical prejudice" of time and expenses that Defendants incurred in defending this action because of this delay.  McCants, 781 F.2d at 859.

To dissuade abusive or frivolous litigation moving forward, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants **ON THE CONDITION** that **IF** Plaintiff chooses to refile her claims against Defendants, Plaintiff **SHALL** pay all costs associated with this action, which may include Defendants' reasonable attorney's fees.  Based on the foregoing, the Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of October, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff asserts her voluntary dismissal is based on insufficient evidence, namely an inability to reconcile video evidence obtained in initial disclosures with forensic evidence.  (Doc. 45, at 4.)  Plaintiff's counsel claims they did not see the evidence until receiving the videos in initial disclosures on April 24, 2024.  (Doc. 43, at 2.)  While this may have been Plaintiff's counsel's first time reviewing the videos, Defendants provide uncontested evidence these videos have been in Plaintiff's possession since on or about September 9, 2022. (Doc 27-4, at 3; Doc. 47-1, at 1-2.)